UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME CROMWELL, *on behalf of himself and all other employees similarly situated,* <br><br> *Plaintiffs,* <br><br> v. <br><br> NEW YORK CITY HEALTH AND HOSPITALS CORPORATION AND ALAN D. AVILES, <br><br> *Defendants.* | Civil Action No. <br> 12-cv-4251 (PAE) |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A
PARTIAL ENTRY OF FINAL JUDGMENT PURSUANT TO FED R. CIV. P. 54(b)

 

THOMAS & SOLOMON LLP
 *Attorneys for Plaintiffs and Class Members*
693 East Avenue
Rochester, New York 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas, Esq.
                Michael J. Lingle, Esq.
                Annette M. Gifford, Esq.
                Justin M. Cordello, Esq

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.  THIS COURT SHOULD ENTER FINAL JUDGMENT ON PLAINTIFFS' NYLL CLAIMS PURSUANT TO FED R. CIV. P. 54(b) ................................................. 2

II. THERE IS NO JUST REASON FOR DELAY ........................................................ 3

   A. HHC's Exempt Status Under the NYLL is Separate and Extricable From the Remaining FLSA Claims .................................................................. 4

   B. Entering Final Judgment on the NYLL Claims at This Stage Will Not Result In Piecemeal Appeals and Will Preserve Judicial Resources ......... 6

   C. If This Appeal is Delayed, Plaintiffs Will be Irreparably Prejudiced and Will Suffer Injustice ................................................................................... 9

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Adrian v. Town of Yorktown,*
  210 Fed. Appx. 131 (2d. Cir. 2006) ...................................................................................6

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,*
  106 F.3d 11 (2d Cir. 1997) ................................................................................. 3, 6

*Ali v. N.Y.C. Health & Hosps. Corp.,*
  No. 11-cv-6393 (PAC), 2013 WL 1195794 (S.D.N.Y. 2013) .............................................9

*Ansoumana v. Gristede's Operating Corp.,*
  201 F.R.D. 81 (S.D.N.Y. 2001)..........................................................................................8

*Cullen v. Margiotta,*
  811 F.2d 698 (2d Cir. 1987) ................................................................................. 4, 5, 6

*Curtiss-Wright Corp. v. General Elec. Co.,*
  446 U.S. 1 (1980) ................................................................................................. 4, 5, 9

*Dickinson v. Petroleum Conversion Corp.,*
  338 U.S. 507 (1950) ...........................................................................................................4

*Drayton v. MetroPlus Health Plan, Inc.,*
  791 F. Supp. 2d 343 (S.D.N.Y. 2011) ...............................................................................9

*FDIC v. Bernstein,*
  944 F.2d 101 (2d Cir. 1991) ...............................................................................................5

*Ginett v. Computer Task Group, Inc.,*
  962 F.2d 1085 (2d. Cir. 1992) ................................................................................. 4, 5

*Hogan v. Consol. Rail Corp.,*
  961 F.2d 1021 (2d. Cir. 1992) ............................................................................................4

*HSW Enterprises, Inc. v. Woo Lae Oak, Inc.,*
  No. 08-cv-8476, 2010 WL 1630686 (S.D.N.Y. Apr. 21, 2010) ....................................... 3-4

*Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,*
  891 F.2d 414 (2d Cir. 1989) ................................................................................. 3, 6

*Info. Res., Inc. v. Dun and Bradstreet Corp.,*
  294 F.3d 447 (2d Cir. 2002) ...............................................................................................3

*Johnson v. Brennan,*
  No. 10-cv-4712, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011)..........................................8

*Massiah v. MetroPlus Health Plan,*
  56 F. Supp. 2d 494 (E.D.N.Y. 2012) ..................................................................................9

*Petrello v. White,*
  No. 01-cv-3082(DRH)(ML), 2008 WL 5432230 (E.D.N.Y. Dec. 30, 2008) ......................5

*S.E.C. v. Aragon Capital Mgmt., LLC,*
  672 F. Supp. 2d 421 (S.D.N.Y. 2009) .................................................................................4

*Zaratzian v. Abadir,*
  No. 10-cv-9049(VB), 2011 WL 5142678 (S.D.N.Y. Sept. 21, 2011).............................. 6, 7

**Statutes**

28 U.S.C. § 1291 ...........................................................................................................................2
Fed. R. Civ. P. 54(b) ..............................................................................................................*passim*

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this Memorandum of Law in support of plaintiffs' motion for an Order, pursuant to Local Rule 6.1(b) and Fed. R. Civ. P. 54(b), granting the entry of final judgment as to the portion of this Court's October 16, 2013 Opinion and Order that dismissed with prejudice plaintiffs' claims under the New York Labor Law ("NYLL").  *See* Dkt. 45.

Specifically, in the October 16, 2013 Opinion and Order, this Court granted the Defendants' partial motion to dismiss the NYLL claims on the basis that the New York Health and Hospitals Corporation ("HHC") is a political subdivision of New York State and thereby exempt from the NYLL's wage provisions.  However, plaintiffs' federal claims under the Fair Labor Standards Act ("FLSA") remain pending before this Court and are in the preliminary stages of the discovery process.

Plaintiffs respectfully assert that pursuant to Rule 54(b), this Court should enter final judgment on the dismissed NYLL claims, so that plaintiffs may immediately appeal the issue to the Second Circuit Court of Appeals.  An immediate appeal in this case is appropriate because the question surrounding the dismissal of the NYLL claims—whether the defendant is exempt from the NYLL's wage provisions—is unique to the NYLL and is entirely detached from the analysis of plaintiffs' remaining FLSA claims.

Further, the failure to enter judgment under Rule 54(b) to allow plaintiffs to immediately appeal the dismissal of their NYLL claims leaves open the potential for a tremendous waste of judicial resources.  In particular, should the NYLL claims be reinstated on appeal following final disposition of the FLSA claims, the parties and the Court could all find themselves starting the litigation process over again – from discovery through dispositive

motions and trial – on the NYLL claims. On the other hand, an immediate appeal of the NYLL claims would allow coordinated discovery, dispositive motions and a trial on all of the claims should the NYLL be reinstated.

Likewise, in the event that plaintiffs seek to certify classes under the FLSA and NYLL, judicial efficiency would further be achieved through coordinated discovery and briefing on class issues if a final determination on the NYLL claims precedes resolution of class issues. Otherwise, again, the parties and the Court could find themselves conducting discovery and engaging in motion practice on those issues a second time if the NYLL claims are reinstated following final resolution of the FLSA claims.

Lastly, if resolution of this issue is delayed and this Court's dismissal of the NYLL claims is ultimately overturned on appeal after trial, there is a significant chance that many NYLL class members will never be able to be contacted due to the passage of time, and thus will be unable to either receive a settlement or testify at trial.

Accordingly, the interests of justice, along with the interest of preserving judicial resources and the absence of any reason for delaying an immediate appeal, warrant that this Court enter final judgment of plaintiffs' NYLL claims under Fed R. Civ. P. 54(b).

## ARGUMENT

I.  **THIS COURT SHOULD ENTER FINAL JUDGMENT ON PLAINTIFFS' NYLL CLAIMS PURSUANT TO FED R. CIV. P. 54(b).**

Fed R. Civ. P. 54(b) provides that "when an action presents more than one claim for relief whether as a claim, counterclaim, cross-claim or third-party claim or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In this regard, the Court may direct entry of final judgment as to only one

of several parties or as to separate and discrete claims. Here, plaintiffs are only seeking to have this Court enter final judgment on the dismissal with prejudice of plaintiffs' NYLL claims.

In accordance with Rule 54(b), to permit entry of a final, immediately appealable judgment: (1) there must be multiple claims or multiple parties; (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291; and (3) the district court must make "an express determination that there is no just reason for delay" and expressly order the clerk to enter judgment. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997).

As a threshold matter, the first two requirements are satisfied here: plaintiffs originally brought claims under both the NYLL and FLSA, and this Court has made a final order dismissing plaintiffs' NYLL claims with prejudice. As to the third requirement, the "just reason" inquiry is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Info. Res., Inc. v. Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (citation omitted). A district court is given "considerable deference" in determining whether just reason for delay exists "because of its more intimate knowledge of the factual circumstances of the case." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 419 (2d Cir. 1989).

Here, since the first two requirements are satisfied and there is no just reason for delay, immediate appeal of the order dismissing the NYLL claims is warranted.

**II.    THERE IS NO JUST REASON FOR DELAY.**

"The key inquiry" in deciding a Rule 54(b) motion "relates to the third requirement, which is that there be no just reason for delay." *HSW Enterprises, Inc. v. Woo Lae Oak, Inc.*,

No. 08 Civ. 8476, 2010 WL 1630686, at *2 (S.D.N.Y. Apr. 21, 2010) (Sand, J.); *S.E.C. v. Aragon Capital Mgmt., LLC*, 672 F. Supp. 2d 421, 453 (S.D.N.Y. 2009) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092, 1096 (2d. Cir. 1992)). In making this determination, the Supreme Court instructs district courts to "take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). This Court's "assessment of the equities" will be upheld by the Second Circuit unless it is "clearly unreasonable." *Id.* at 10.

The purpose behind Rule 54(b) is to allow the parties to accelerate the normal appellate process in those cases where a delay in entering judgment on distinctly separate claims until the final adjudication of the entire case would result in injustice to the appellant. *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511-12 (1950). Accordingly, the Second Circuit finds that the interests of justice and judicial economy are best served by entry of partial final judgment in situations where the claims upon which final judgment is being entered are separable and extricable from any remaining claims, *Ginett*, 962 F.2d at 1095 (citing *Curtiss-Wright*, 446 U.S. at 8), where the potential for duplicative work could be avoided if the dismissed claim were reversed in time to be tried with the remaining claims, *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987); or where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992).

### A.   HHC's Exempt Status Under the NYLL is Separate and Extricable From the Remaining FLSA Claims

In determining whether the claims to be certified are "separable from the others remaining to be adjudicated" the court must examine "whether the nature of the claims already determined [i]s such that no appellate court will have to decide the same issues more

than once even if there are subsequent appeals." *Curtiss-Wright,* 446 U.S. at 8. According to the Second Circuit, the factors that a district court should look at in evaluating whether the claims are separable under Rule 54(b) include: (1) "the relatedness of the pending and adjudicated claims," (2) "the factual bases for the claims," and (3) "the effect a decision on the pending claims would have on questions raised on appeal." *FDIC v. Bernstein,* 944 F.2d 101, 108–09 (2d Cir. 1991) (citation and internal quotation marks omitted). Furthermore, claims are considered "separable" "if they involve at least *some* different questions of fact and law and could be separately enforced." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d. Cir. 1987) (emphasis added); *see also Ginett,* 962 F.2d at 1096 (claims are "separable" if "they . . . can be decided independently of each other"). Hence, "claims may be considered separate even if they have arisen out of the same transaction or occurrence." *Id.*; *see also Petrello v. White*, No. 01-CV-3082(DRH) (MLO); 2008 WL 5432230, at *2 (E.D.N.Y. Dec. 30, 2008).

Here, although the FLSA and NYLL claims are both rooted in defendant's failure to pay plaintiffs all of the wages they are due, the question of whether HHC is exempt from the NYLL's wage provisions is a legal (or factual) question that is entirely independent of the FLSA claims. As this Court noted its October 16, 2013 Decision and Order, "[t]he guiding question under [plaintiff's NYLL claims] is thus whether the entity is sufficiently like the State for the purposes at issue, such that it should be treated like the State for that purpose." *See* Decision and Order, at *8. Thus, even though plaintiffs' FLSA and NYLL claims may "arise[] out of the same transaction or occurrence,"[1] because a threshold question for liability under the NYLL is a determination that HHC is not an exempt entity, this is a separable legal issue independent of the FLSA. Likewise, the ultimate disposition of any FLSA claims

---

[1]    *Petrello,* 2008 WL 5432230, at *2.

that remain would have no effect on the appellate court's determination as to whether HHC is exempt from the NYLL.

The separateness of the NYLL claims from the remaining FLSA claims is also demonstrated by the fact that any issues of fact or law potentially raised in subsequent appeals will be entirely distinct. *See Hudson River Sloop*, 891 F.2d at 418 ("[w]hen the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court the certified claims may be considered separate claims under Rule 54(b)."). Simply put, plaintiffs cannot conceive of any possible way that the issue they seek to appeal under Rule 54(b), *i.e.*, whether HHC, as a matter of law, is exempt from the NYLL, will ever need to be appealed a second time.

Thus, whether HHC is exempt from the NYLL is a separate and extricable legal claim.

**B.  Entering Final Judgment on the NYLL Claims at This Stage Will Not Result In Piecemeal Appeals and Will Preserve Judicial Resources**

Entering final judgment on plaintiffs' NYLL claims will result in judicial efficiency and advance the overall litigation and resolution of this case. As stated by the court in *Zaratzian v. Abadir*, "entry of judgment under Rule 54(b) is particularly appropriate 'where an expensive and duplicative trial could be avoided, if without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims.'" *Zaratzian*, No. 7:10-cv-9049 (VB), 2011 WL 5142678, at *1 (S.D.N.Y. Sept. 21, 2011) (Briccetti, J.) (quoting *Advanced Magnetics*, 106 F.3d at 16). A major consideration in making a Rule 54(b) determination is whether failing to do so will lead to piecemeal appeals and inefficient judicial administration. The rationale behind this consideration is to prevent the need for two separate jury trials where the underlying facts are the same. *See Adrian v. Town of Yorktown*, 210 Fed. Appx. 131, 132 (2d. Cir. 2006); *Cullen*, 811 F.2d at 711 (there is no

just reason for delay "where an expensive and duplicative trial could be avoided if without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims"); *Zaratzian*, 2011 WL 5142678, at *1.

Thus, partial final orders should be entered to avoid multiple trials where resolution of the remaining claims will not be delayed. That is precisely the situation present here. The discreet legal issue and analysis underlying the dismissal of the NYLL claims is separate and distinct from the substantive claims that remain, and the evidence that will be used to support or disprove both the NYLL and FLSA unpaid wage claims is largely the same. Accordingly, assuming that plaintiffs appeal the October 16, 2013 dismissal of the NYLL claims, and assuming, *arguendo,* that the Second Circuit reinstates those claims, the interests of judicial economy and the equities of the parties would be best served if reinstatement occurred in time for the dismissed claims to be litigated and tried with the FLSA claims that remain pending.

Further, even if plaintiffs ultimately prevail on their FLSA claims, an appeal of the dismissal of the NYLL would still need to be filed and addressed by the Second Circuit. If plaintiffs succeed on their FLSA claims, this Court's resources will be tied up having to relitigate the same unpaid wage claims that plaintiffs will have already prevailed on. An immediate appeal of the NYLL claims therefore makes all the more sense where a possible reversal by the Second Circuit will allow the merits of two similar claims to either rise or fall together in one streamlined action.

Additionally, immediate entry of a partial final judgment under Rule 54(b) to avoid expensive and duplicative trials seems especially appropriate in cases like this one where class action allegations are involved. As discussed above, the merits of plaintiffs' claims under the

FLSA and NYLL largely involve the same factual considerations.  In a case like this where the FLSA putative class is likely to be hundreds if not thousands of employees, it does not make sense to risk the need for multiple rounds of discovery and a second trial involving such a large number of individuals when that can be avoided by having a determination upfront whether the NYLL claims should proceed.  If the NYLL claims were to be reinstated by the Second Circuit only after the trial of the FLSA claims concluded, the parties would have to start over from square one, engaging in additional discovery and conducting another trial on the NYLL claims.  In the class action context, such a duplicative approach would be inefficient.  *See e.g., Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81, 89 (S.D.N.Y. 2001) (noting that FLSA and NYLL wage claims should be litigated in the same case because otherwise "there would be great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems"); *Johnson v. Brennan*, No. 10 CIV 4712, 2011 WL 4357376, at *17 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) (noting that FLSA and NYLL claims brought together in "hybrid" actions promote judicial consistency and efficiency "[b]ecause the same set of operative facts is being applied and analyzed under both statutory frameworks" in a single forum).  Instead, given the similar nature of the merits of the FLSA and NYLL claims, this Court can easily avoid this huge multiplication of effort and expense by giving plaintiffs the opportunity to appeal at the very preliminary stage of this litigation.

Nor is it the case that an immediate appeal will involve a piecemeal approach to the appellate process.  The legal question regarding the applicability of the NYLL to HHC is a completely separate and one-time analysis, such that there is no possibility of repetitive

appellate review on that issue.[2]  In reality, the time and energy expended by an appellate court in reviewing the facts and law in an immediate appeal under Rule 54(b) would never need to be duplicated in subsequent appeals.  Conversely, even if plaintiffs were to wait for final judgment on all the claims before appealing, the appellate court would not be saved any time because the facts and analysis of the NYLL exemption issue are so separate and distinct from any other issues that may subsequently arise.  Under the circumstances presented here, judicial resources will not be wasted on a second appeal.

>   C.   **If This Appeal is Delayed, Plaintiffs Will be Irreparably Prejudiced and Will Suffer Injustice**

Lastly, in deciding whether to enter final judgment under Rule 54(b), the Supreme Court notes that courts should "take into account judicial administrative interests **as well as the equities involved.**" *Curtiss-Wright Corp.*, 446 U.S. at 8-9 (emphasis added).  However, in evaluating the equitable interests, it is not necessary that a court find "hard or unusual circumstances" before entering a final judgment under Rule 54(b). *Id.* at 9.

Therefore, even though a showing of a particular hardship or burden is not necessary to support the entry of judgment under Rule 54(b), plaintiffs here nonetheless can show they will be irreparably prejudiced if they do not have the opportunity to have their claims immediately heard by the Second Circuit.  Most significantly, given that plaintiffs seek to certify a class of employees under the NYLL, any delay in this litigation jeopardizes the ability of putative plaintiffs to pursue their claims.  Absent an immediate appeal, it could very

---

[2]  Indeed, this issue is ripe for appeal and resolution now in light of the conflicting decisions out of the Southern District and the Eastern District as to whether HHC is exempt from the wage provisions of the NYLL.  *Compare Massiah v. MetroPlus Health Plan*, 856 F. Supp. 2d 494 (E.D.N.Y. 2012) (denying motion to dismiss) with *Ali v. N.Y.C. Health & Hosps. Corp.*, No. 11 Civ. 6393 (PAC), 2013 WL 1195794 (S.D.N.Y. 2013) (granting motion to dismiss); *Drayton v. MetroPlus Health Plan, Inc.*, 791 F. Supp. 2d 343 (S.D.N.Y. 2011) (granting motion to dismiss).

well be years before a final judgment is entered as to all the claims in this case and the Second Circuit hears plaintiffs' appeal of the NYLL claims. If the Second Circuit were to reinstate those claims, it could again be several more years before any resolution on the merits is reached as to the NYLL claims. However, in the interim, the putative members of the NYLL class action are not currently parties to this litigation. There is a great concern that if it potentially takes years for plaintiffs' NYLL claims to be reinstated, many plaintiffs will simply no longer be able to be contacted about this case, through no fault of either of the parties and only due to the passage of time. If these plaintiffs were ever needed to testify or received money damages for their NYLL claims, there is a significant chance that they would not be able to participate or recover simply because the parties would not be able to locate individuals after such a long period of time. However, allowing plaintiffs to immediately appeal their NYLL claims would alleviate this concern to the largest extent possible and minimize the hardship and prejudice that plaintiffs would otherwise suffer.

Furthermore, defendants would not suffer any prejudice by having the dismissal of the NYLL claims entered as a final judgment. Rather, the entry of judgment under Rule 54(b) would significantly ease defendants' burden in this case should the Second Circuit reinstate the NYLL claims. The prompt entry of final judgment for appeal would reduce the potential for hardship on behalf of defendants' document custodians and witnesses who would otherwise be forced to respond to multiple rounds of discovery demands and/or testify at two separate trials.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that their motion be granted.

Dated: November 13, 2013

>                    **THOMAS & SOLOMON LLP**
>
> By:    s/ Michael J. Lingle
>        J. Nelson Thomas, Esq.
>        Michael J. Lingle, Esq
>        Annette M. Gifford, Esq.
>        Justin M. Cordello, Esq.
>        *Attorneys for Plaintiffs*
>        693 East Avenue
>        Rochester, New York 14607
>        Telephone: (585) 272-0540
>        nthomas@theemploymentattorneys.com
>        mlingle@theemploymentattorneys.com
>        agifford@theeemploymentattorneys.com
>        jcordello@theeemploymentattorneys.com