```
 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JEROME CROMWELL on behalf of himself and all other                      :
employees similarly situated,                                           :
                                                                        :
                                        Plaintiff,                      :        12 Civ. 4251 (PAE)
                                                                        :
                        -v-                                             :        OPINION & ORDER
                                                                        :
NEW YORK CITY HEALTH AND HOSPITALS CORP.                                :
et al.,                                                                 :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

On October 16, 2013, the Court granted the motion by the New York City Health and Hospitals Corporation ("HHC") to dismiss the claims by plaintiff Jerome Cromwell arising under New York Labor Law, §§ 191 *et seq*. ("NYLL").  Dkt. 45 ("Opinion").  The Court held that HHC is a political subdivision of New York State and exempt from the NYLL's wage provisions.  *Id.*  The Court directed the parties to submit, by November 13, 2013, a proposed Case Management Plan for the litigation of Cromwell's remaining FLSA claims, under which fact discovery was to be completed within four months of the date of the Opinion—*i.e.*, February 17, 2013.  *Id.* at 13.

On November 13, 2013, Cromwell filed a motion for partial entry of final judgment pursuant to Fed. R. Civ. P. 54(b), *see* Dkt. 49, and a supporting memorandum of law, *see* Dkt. 50 ("Pl. Br.").  Cromwell asks the Court to enter a "final judgment on the dismissed NYLL claims, so that [he] may immediately appeal the issue to the Second Circuit Court of Appeals."  Pl. Br. 1. On November 14, 2013, the Court directed HHC to respond to Cromwell's motion.  Dkt. 51.  On

November 22, 2013, HHC submitted such a response. Dkt. 52 ("Def. Br."). On November 26, 2013, Cromwell submitted a reply. Dkt. 53 ("Pl. Rep. Br.").

The parties do not substantially disagree. HHC stated that it "consent[ed] to plaintiff's Rule 54(b) motion," and requested that, should the Court enter partial judgment so as to facilitate an appeal, "discovery on plaintiff's FLSA claims be stayed pending the appeal." Def. Br. 1. The one point of disagreement is over whether the statute of limitations on Cromwell's FLSA claims should be tolled during the appeal. Cromwell asserts that such tolling is warranted, *see* Pl. Rep. Br. 1, but HHC asserts that Cromwell's piecemeal appeal "does not constitute the type of extraordinary circumstances that would justify equitable tolling," Def. Br. 3.

For the following reasons, the Court concludes that, despite the parties' substantial agreement, Cromwell's Rule 54(b) motion for partial entry of final judgment must be denied.

**I.     Discussion**

"In general, there is a historic federal policy against piecemeal appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (citing *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 8 (1980)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright,* 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435 (1956)). The entry of a final judgment is generally appropriate "only after all claims have been adjudicated." *Harriscom Svenska AB v. Harris Corp.,* 947 F.2d 627, 629 (2d Cir. 1991).

Rule 54(b) provides an exception to this general rule. It states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Whether to grant a Rule 54(b) motion is left to the discretion of the district court. *See Curtiss-Wright,* 446 U.S. at 8 ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.") (quoting *Sears Roebuck,* 351 U.S. at 435). In deciding a Rule 54(b) motion, a District Court "must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Novick*, 642 F.3d at 310. A decision to grant a Rule 54(b) motion is to be made "in the interest of sound judicial administration." *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (citation omitted). Factors to consider are "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

Here, Cromwell argues that a final judgment is appropriate "because the question surrounding the dismissal of the NYLL claims—whether [HHC] is exempt from the NYLL's wage provisions—is unique to the NYLL and is entirely detached from the analysis of plaintiffs' remaining FLSA claims." Pl. Br. 1. Cromwell further asserts that a failure to enter a partial final judgment would potentially lead to "a tremendous waste of judicial resources," *id.*, and that and that "any delay in this litigation jeopardizes the ability of putative plaintiffs to pursue their [NYLL] claims," *id.* at 9.

It is true that the legal issue that led to dismissal of the NYLL claims is unique to those claims. But it is also true that permitting an appeal of the dismissal of the NYLL claims to move forward to appeal now may lead to two appeals in this case: one challenging the dismissal of the

NYLL claims, and one challenging the outcome of the FLSA claims.  And the consequences of requiring Cromwell to defer appealing the dismissal of his NYLL claims until his FLSA claims have been resolved with finality are not nearly so dire as Cromwell imagines.  The period for fact discovery on Cromwell's FLSA claims ends February 17, 2013, just more than two months from now.  The Court will enforce that deadline:  FLSA claims, by their nature, are not complex and do not tend to entail protracted discovery.  Further, this Court is prepared, following discovery, to expedite final resolution of those FLSA claims.  It will set a prompt schedule for briefing of any motions relevant to those claims (*e.g.*, summary judgment) and, should a trial be needed, it will set a prompt trial date.

The FLSA claims in this case should thus be resolved—whether by summary judgment, trial, or settlement—within 4–6 months.  At that point, the parties will have a final judgment.  A consolidated appeal can thereafter ensue, encompassing Cromwell's appeal of the dismissal of the NYLL claims, and an appeal by the losing party, if there is one, on the FLSA claims.[1]  This orderly and customary process will, in turn, permit a single panel of the Second Circuit to resolve, in one decision, Cromwell's challenge to the dismissal of the NYLL claims and any appellate claims that may arise with respect to the FLSA claims.  This process will also assure an overall speedier resolution of this case for the employees it covers:  By contrast, Cromwell's proposal to toll the statute of limitations, and HHS's proposal to stay discovery, each had the potential to delay a final outcome.  The Court, therefore, denies Cromwell's motion for a partial final judgment, concluding that the better path is to expeditiously litigate the FLSA claims to a final, appealable judgment.

---

[1] The parties may, of course, decide to settle the FLSA claims, concluding, perhaps, that a trial on those claims would not be cost-efficient.  If so, they are free to construct such a settlement so as to preserve Cromwell's right to appeal the dismissal of the NYLL claims.

## CONCLUSION

For the reasons stated above, the equities advanced by Cromwell do not override the strong policy against piecemeal appeal. Cromwell's Rule 54(b) motion for a partial final judgment is, therefore, denied. The Clerk of Court is directed to terminate the motion pending at docket number 49.

The parties are again directed to submit, by December 16, 2013, a joint proposed Case Management Plan for the litigation of plaintiff's FLSA claims, under which fact discovery is to be completed no later than February 17, 2013. The parties are, of course, at liberty to jointly propose an earlier date for the conclusion of fact discovery.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 9, 2013
       New York, New York